**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo Acosta VASQUEZ, also known as Geraldo Acosta–Vasquez, also known as Jerry Vasquez, also known as Geraldo Vasquez–Acosta, also known as Gerardo Vasquez–Acosta, Defendant–Appellant.**

**No. 05–51588**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

John David Gates, Law Offices of John D. Gates, El Paso, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Gerardo Acosta Vasquez (Acosta) appeals his guilty-plea conviction of conspiring to possess and possessing with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846. Acosta challenges the constitutionality of the treatment by § 841(b)(1)(B) of certain prior drug convictions as sentencing factors rather than offense elements that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He also argues that the district court committed plain error by failing to ask whether he affirmed or denied his prior conviction, as required by 21 U.S.C. § 851(b).

Acosta's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Acosta contends that *Almendarez–Torres* was incorrectly decided and a majority of the current Court would overrule it in the light of *Apprendi* and subsequent Supreme Court authority. We have repeatedly rejected such contentions because *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Acosta

---

properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Regarding Acosta's § 851 challenge, in the absence of a showing that the prior conviction was unconstitutionally obtained or was not committed by Acosta, he has not shown plain error. *See United States v. Thomas,* 348 F.3d 78, 86–87 (5th Cir. 2003). Moreover, Acosta's prior conviction occurred well beyond the five-year statute of limitations set forth in § 851(e). Accordingly, Acosta has failed to establish error, plain or otherwise, in the district court's failure to follow the § 851(b) colloquy. *See United States v. Fragoso,* 978 F.2d 896, 902–03 (5th Cir.1992).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.